# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

BRIAN K. GEORGE,                           )
                                           )
            Plaintiff,                     )
                                           )        No. 1:17-CV-15 CAS
      v.                                   )
                                           )
DUNKLIN COUNTY JAIL, et al.,               )
                                           )
            Defendants.                    )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Brian K. George for leave to commence this action without prepayment of the filing fee. The motion will be granted, and plaintiff will be given the opportunity to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and an inmate account statement showing an average monthly balance of $186.29. The Court will therefore assess an initial partial filing fee of $37.26, twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary

civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 against the following eight defendants: the Dunklin County Jail, Bob Holder, the Dunklin County Parole Office, the Dunklin County Court, the Bonne Terre Prison, Todd Welch, Darren Todd, and Unknown Parker. Much of the complaint is illegible, but based upon the discernible portions, it appears plaintiff alleges as follows: In 2008, a group of defendants obscured surveillance cameras with fiber optic camouflage as depicted on a YouTube video, and sprayed mace under plaintiff's cell door. Plaintiff also alleges that surveillance cameras from 2010, 2012, 2014, and 2015 will show how "this dept." obscures cameras to allow people to come into the jail. Plaintiff also alleges that in August through December of 2014, "they" destroyed his home, and intimidated and threatened him into taking plea bargains. Plaintiff claims that he was wrongfully incarcerated due to improper proceedings, that he received ineffective assistance of counsel and was prosecuted illegally in 2009, 2010, 2012, 2014 and possibly 2016. The complaint continues in this manner, making references to (among other things) stalking, elder abuse, assault, stolen property, acts of terrorism, attempted murder, the placement of human waste into plaintiff's food and drink, contaminated bed sheets, and sexual abuse.

## Discussion

The complaint is defective for several reasons. Much of it is illegible, plaintiff failed to specify the capacity in which he intends to sue the defendants, and he failed to allege the personal responsibility of each defendant. In addition, plaintiff presents a case involving

multiple unrelated claims against eight defendants.  Rule 20(a)(2) of the Federal Rules of Civil

Procedure governs joinder of defendants, and states as follows:

> Persons . . .  may be joined in one action as defendants if: (A) any
> right to relief is asserted against them jointly, severally, or in the
> alternative with respect to or arising out of the same transaction,
> occurrence, or series of transactions or occurrences; and (B) any
> question of law or fact common to all defendants will arise in the
> action.

Rule 20(a), Fed. R. Civ. P.

Under this rule, a plaintiff cannot join in a single lawsuit a multitude of claims against

different defendants that are related to events arising out of different occurrences or transactions.

In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B

against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims

against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the

required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous

suits or appeals that any prisoner may file without prepayment of the required fees."  *Id.*

Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims,

states:

> A party asserting a claim to relief as an original claim,
> counterclaim, cross-claim, or third-party claim, may join, either as
> independent or as alternate claims, as many claims, legal,
> equitable, or maritime, as the party has against an opposing party.

Rule 18(a), Fed. R. Civ. P.  Under this rule, multiple claims may be asserted against a single

defendant.

Because plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an

amended complaint.  In so doing, plaintiff should select the transaction or occurrence he wishes

to pursue, and limit the facts and allegations to the defendant(s) involved therein.  Plaintiff

should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed *in forma pauperis*.

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[1] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the

---

[1]The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

original.  Claims that are not re-alleged are deemed abandoned.  *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.  [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $37.26 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff must submit an amended complaint in accordance with the instructions stated above by **March 9, 2017**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.  Plaintiff may request additional forms as needed.

**If plaintiff fails to timely and fully comply with this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of February, 2017.