# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| BRIAN K. GEORGE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 1:17-CV-15 CAS |
| v. | ) | |
| | ) | |
| DUNKLIN COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Brian K. George's submission of an amended complaint. For the reasons explained below, this case will be dismissed.

## Procedural History

Plaintiff filed this civil action on January 17, 2017, naming eight defendants. He moved for leave to proceed *in forma pauperis* but did not submit the financial information required by 28 U.S.C. § 1915(a)(2). He was ordered to do so, he timely complied, and he was granted leave to proceed *in forma pauperis*. Upon initial review of plaintiff's original complaint, the Court noted numerous defects, and granted plaintiff leave to submit an amended complaint. On March 13, 2017, plaintiff complied, and the Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere

conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is factually frivolous if the facts alleged are "clearly baseless," which is defined as "fanciful," "delusional," or "fantastic." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## Discussion

In the amended complaint, plaintiff indicates that he intends to proceed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, plaintiff does not allege that any of the defendants are federal officials. Plaintiff alleges violation of his civil rights, and names the following nine defendants: the Dunklin County Jail, the Dunklin County Parole Office, the Dunklin County Court, Daren

Todd, Cassie Duncan, Jared Suthard, ERDCC (the Eastern Reception, Diagnostic and Correctional Center), the Dunklin County Sheriff's Department, and Terry Keys. Plaintiff does not specify the capacity in which he sues the defendants. He seeks various forms of relief that are not entirely discernible.

Plaintiff alleges that, while incarcerated in the Dunklin County Jail in 2008, a group of people obscured surveillance cameras with fiber optic camouflage as depicted on a YouTube video, and sprayed mace under plaintiff's cell door. Plaintiff alleges that surveillance cameras from 2009, 2010, 2012, 2014, and 2015 reveal that such practices are used to allow people to enter the jail. Plaintiff also alleges that in August through December of 2014, unspecified people entered his home illegally. Plaintiff references surveillance cameras, states that "they" destroyed his home, states that a person not named as a defendant entered his home, and states that he wants a subpoena for 2012 telephone records from AT&T and 2014 telephone records from Verizon. (Docket No. 11 at 14). Plaintiff states that unnamed people are responsible for various forms of criminal and civil wrongdoing, including obstructing justice, damaging property, aggravated stalking, home invasion, civil disobedience, harassment, assault, sexual abuse, sodomy, and acts of terrorism. Plaintiff states that "they" tried to murder him, and states there was human waste in his food and drink and on the bedsheets at the Bonne Terre prison. (*Id.* at 15). Plaintiff alleges that "they" have been trying for years to murder him and that "they" tried to run him off the road in a car. (*Id.*) Plaintiff alleges that his former attorney and parole officer had a conflict of interest, and speculates regarding an improper relationship. These allegations track those set forth in the original complaint, which the Court found defective. Much of the remainder of the amended complaint is incomprehensible.

The amended complaint wholly fails to demonstrate any plausible claim for relief against any defendant. None of plaintiff's allegations allow this Court to draw the reasonable inference that any defendant is liable for any misconduct. *See Iqbal*, 556 U.S. at 678. At best, the amended complaint contains only legal conclusions and generalized statements. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin*, 623 F.2d at 1286. This case is therefore subject to dismissal because plaintiff fails to state a claim upon which relief can be granted against any defendant. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, the Court finds the factual allegations in the complaint to be delusional and fanciful, and therefore clearly baseless. *See Denton*, 504 U.S. at 32-33. The Court concludes that this action is factually frivolous, and will dismiss it for this reason as well. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice because the amended complaint is factually frivolous or fails to state a claim upon which relief can be granted or both. An order of dismissal will be entered separately.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of March, 2017.